1

2

3

4

5

6

7                        **IN THE UNITED STATES DISTRICT COURT**

8                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   YOUSEF ALI AL GADI GADI,                    CASE NO. CV-F-07-090 LJO SMS

11                     Plaintiff,              _____

           _____vs.____

12   _____             **ORDER GRANTING PLAINTIFFS'**
     MICHAEL CHERTOFF, Secretary of        **MOTION TO DISMISS** (Doc. 14)
13   Homeland Security, EDUARDO
     AGUIRRE, Director of the United States   **ORDER VACATING APRIL 19, 2007**
14   Citizenship and Immigration Services,   **HEARING**
     DAVID STILL, District Director of the
15   United States Citizenship and
     Immigration Services, DON RIDING,
16   Officer in Charge of the Fresno Office
     of the United States Citizenship and
17   Immigration Services, McGREGOR
     SCOTT,,
18                     Defendants.
19   _____/

20        In this immigration case, Defendant United States Citizenship and Immigration Service

21   ("USCIS") moves to dismiss the complaint by Plaintiff, Yousef Ali Al Gadi Gadi ("Gadi"), who is

22   seeking a writ from the Court mandating USCIS to schedule and administer the citizenship examination

23   so that Gadi may complete his process of naturalization.  USCIS contends Gadi has failed to state a

24   claim upon which relief can be granted, because the Court can not mandate the agency to do something

25   it is not legally required to do.  In response, Gadi challenges the current procedure of USCIS–using three

26   separate background checks, rather than one–and claims the agency is legally required to administer the

27

28

                                        1

examination. This Fed. R. Civ. Proc. 12(b)(6)[1] issue presents a two-fold question: (1) whether requiring a name check by the Federal Bureau of Investigation is consistent with the meaning of "full background check" as authorized by Congress, and (2) whether Gadi has jurisdiction to bring the instant action pursuant to the Administrative Procedure Act and this Court's mandamus authority.

## I. Background

Gadi, a legal permanent resident, applied for naturalization on November 14, 2005.  On December 9, 2005, and in association with his application for naturalization, Gadi submitted fingerprints to be checked by the Federal Bureau of Investigation.  Gadi "is informed" and "believes" that USCIS received the results of the Federal Bureau of Investigation fingerprint check shortly thereafter, more than one year ago.  Since that time, although Gadi made several requests, no examination for naturalization has been scheduled.  On January 16, 2007, Gadi filed this action to compel the government to act on the naturalization application by scheduling and having an examination.  On March 16, 2007, the Government filed the current Motion to Dismiss.  On April 2, 2007, Gadi responded.

## II. Issues Presented

Gadi's complaint challenges a new policy of USCIS, which requires the completion of three background checks before an alien is scheduled for an examination pursuant to 8 U.S.C. §1446.[2]  These background checks are: (1) a "fingerprint check" run by the Federal Bureau of Investigation; (2) a check against the Department of Homeland Security's own Interagency Border Inspection system; and (3) a "name check" run by the Federal Bureau of Investigation.  Def. Mot. Dismiss, 5:15-18.  Until recently, it was the practice of USCIS to schedule an examination after the complete of the fingerprint check only.

---

[1] In this Motion to Dismiss, the United States Citizenship and Immigration Service ("USCIS") requests a dismissal pursuant to "Fed. R. Civ. Proc. 12, 20(a)." Def. Mot. Dismiss., 1.  Upon further inquiry, USCIS clarified that the motion is based on Fed. R. Civ. Proc. 12(b)(6).

[2] Plaintiff became aware of this policy after making an inquiry to USCIS regarding when an examination would be scheduled.  Plaintiff was advised that the examination would not take place until after the name check was completed by the FBI. Complaint,¶¶8, 9.  Plaintiff and Defendant both acknowledge this policy in their arguments. Def. Mot. Dismiss, 5 n.2; Pl. Opp. Mot. Dismiss, 2:24-26.  Thus, there is no disagreement between the parties about the existence of this new policy.

1   Def. Mot. Dismiss, 5 n.2.

2       Gadi claims that the recent change in USCIS policy is an impermissible expansion of the

3 definition of the term "full background check" by the Service and  is unauthorized by Congress.

4 Because the fingerprint check was completed over a year ago, and because the Federal Bureau of

5 Investigation name check is unauthorized, an unreasonable delay as defined in 5 U.S.C. §706(1) has

6 occurred, thereby allowing relief as prayed.  Gadi requests that the Court mandate USCIS to schedule

7 and administer the examination, so that he may continue his naturalization application process.

8       USCIS moves to dismiss this action because the three forms of security and background checks,

9 including the name check, are designed to meet the minimum standards of 8 U.S.C. §1446(a), (b) and

10 8 C.F.R. § 335.1 and therefore authorized by Congress.  USCIS is not legally required to schedule and

11 administer the examination, because the examination may not be scheduled until a full background check

12 is complete.  8 C.F.R. §335.2(b).  Since the background check (including the authorized name check)

13 is not yet complete, the motion should be granted.

14       To determine jurisdiction, the Court first considers whether the challenged policy requiring a

15 name check before the scheduling of an examination is authorized under the applicable statutes and

16 regulations.  Next, the Court considers whether a writ of mandamus is an appropriate remedy in this

17 action.  For the reasons described below, this action is dismissed.

18

19                       **III. ANALYSIS**

20 **A.**     **Standard of Review**

21       USCIS contends the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because

22 it fails to state a cause of action upon which relief can be granted.  A Fed. R. Civ. P. 12(b)(6) motion to

23 dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint.  A motion to dismiss

24 for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove

25 no set of facts to support the claim to entitle him to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69,

26 73, 104 S.Ct. 2229 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)); *see also*

27 *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  When addressing a

28 motion to dismiss, a court must accept as true the complaint's allegations in question, *Hospital Bld. Co.*

1  *v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in light most

2  favorable to the party opposing the motion, and resolve all doubts in the pleader's favor, *Jenkins v.*

3  *McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, *reh'g denied*, 396 U.S. 869, 90 S.Ct. 35 (1969).

4      "When a federal court reviews the sufficiency of a complaint, before the reception of any

5  evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

6  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

7  claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development*

8  *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

9  a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

10  theory."  *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*

11  *Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

12

13  **B.      Federal Bureau of Investigation Name Check Authorized**

14      Congress authorized the Attorney General and USCIS to investigate legal permanent residents

15  when they apply for naturalization.  See 8 U.S.C. §1446 (a), (b).  In 1997, Congress underscored the

16  importance of background checks when it passed the following legislation:

17          [N]one of the funds appropriated or otherwise made available to the Immigration and
            Naturalization Service shall be used to complete adjudication of an application for
18          naturalization unless the Immigration and Naturalization Service has received
            confirmation from the Federal Bureau of Investigation that a full criminal background
19          check has been completed....

20   Pub. L. 105-119, Title I, 111 Stat. 2448 (Nov. 26, 1997), *reprinted* in Historical and Statutory Notes

21  following INA 335, 8 U.S.C. 1446 ("Criminal background check as prerequisite to adjudication of

22  application for naturalization").  Not only is a full background check required before the adjudication

23  of an application, but federal regulations also require  a full background check be complete before an

24  initial examination of the applicant.  8 C.F.R. §335.2(b).

25      Pursuant to the legislation above, regulations were adopted to define the  minimum requirements

26  for a background check.  The minimum requirements are expounded in 8 C.F.R. §335.1 (2004), which

27  reads:

28          Subsequent to the filing of an application for naturalization, the Service shall conduct an

4

investigation of the applicant. The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the last five years immediately preceding the filing of the application...

///

Working within the minimum standards as defined by 8 C.F.R. §335.1, USCIS currently conducts three forms of security and background checks when a lawful permanent resident applies for naturalization: (1) the Federal Bureau of Investigation fingerprint check, (2) a check against the Department of Homeland Security's own Interagency Border Inspection System, and (3) a Federal Bureau of Investigation name check. USCIS must perform these checks in order to fully investigate an applicant and perform its statutory duties of determining whether an alien has established that there are no permanent or statutory bars to naturalization[3], that they are a person of good moral character[4], and that they have not committed or been convicted of certain criminal offenses, including crimes involving moral turpitude.[5]

The legislation and regulations define *minimum* standards of investigation, not maximum standards. Furthermore, faced with the task of discovering whether a person has been convicted of certain offenses or is otherwise barred from naturalization, it is reasonable to require not only a fingerprint check, but also a name check through the Federal Bureau of Investigation.[6] Therefore, these checks are well within the authority Congress granted USCIS and the regulations interpreting such authorization. Accordingly, requiring a Federal Bureau of Investigation name check in additional to a fingerprint check is an acceptable and authorized procedure adopted by USCIS.

Gadi challenges the new policy of USCIS as "expanding the requirements prior to scheduling an interview." Pl. Opp. Mot. Dismiss, 2:25-26. In the Motion to Dismiss, USCIS describes the new

---

[3]See 8 U.S.C. §1101(f); 8 C.F.R. §316.10(b)(1), (2).

[4]See 8 U.S.C. §1427(a), (d).

[5] See 8 U.S.C. §1101(f).

[6]Plaintiff does not argue that the inter-agency check by the Department of Homeland Security is unauthorized; however, the ruling is applicable to all three checks currently used by USCIS.

5

policy: "Initially the USICS had interpreted the regulations to require only that the USCIS receive the results of the Federal Bureau of Investigation fingerprint check prior to interviewing naturalization applicants.  However, the USCIS has recently determined not to schedule interviews until after all checks have been completed." Def. Mot. Dismiss, 5 n.2.

Rather than expanding the requirements of a background check, this policy aligns itself with the mandates set forth in 8 C.F.R. §335.2 (b) (no examination until completion of background check). According to the regulation, interviews of an applicant for naturalization should not be scheduled until the full background check is complete, which includes both the fingerprint and name check conducted by the Federal Bureau of Investigation.  Therefore, this policy does not make an unauthorized expansion of the requirements of a background check, as Gadi asserts.  Instead, it brings the procedure of USCIS within its legal obligations.

Finally, Gadi's claim that 8 C.F.R. §335.2 "defines a full criminal background check" is misplaced. 8 C.F.R. §335.2(b) reads:

> (b) Completion of Criminal background checks before examination.  The service shall notify applicants for naturalization to appear before a Service officer for initial examination on the naturalization application only after the Service has received a definitive response the Federal Bureau of Investigation that a full criminal background check on an applicant has been completed.  A definitive response that  a full criminal background check on an applicant has been completed includes:
> (1) Confirmation from the Federal Bureau of Investigation that an applicant does not have an administrative or a criminal record;
> (2) Confirmation from the Federal Bureau of Investigation that an applicant hans an administrative or a criminal record; or
> (3) Confirmation from the Federal Bureau of Investigation that two properly prepared fingerprint cards have been determined unclassifiable for the purpose of conducting a criminal background check and have been rejected.

8 C.F.R. §335.2 defines what a *definitive response* to a full background check that has been completed includes, not what particular checks are required under a full background check.  Despite Gadi's assertion, the plain language of 8 C.F.R. §335.2 does not define "full background check" as a fingerprint check by the Federal Bureau of Investigation only.  While 8 C.F.R. §335.2(b)(3) defines a definitive response as two fingerprint cards that are determined unclassifiable, neither this nor the other definitions within this section specifically limit the meaning of a "full background check" to solely  a fingerprint check.  Instead, this regulation defines what must happen for any such check from the Federal Bureau of Investigation to be deemed complete.  Read together with the other statutes and regulations,

1 such a definition is only a minimum requirement.  To prove that a Federal Bureau of Investigation name

2 check is unauthorized, Gadi would need to cite authority which clearly defines "background check"as

3 a Federal Bureau of Investigation fingerprint check.  Gadi cites no such authority.

4 ///

5 **C.      No Jurisdiction pursuant to the Administrative Procedure Act**

6         The Court agrees with USCIS that Gadi may not seek a writ of mandamus under the

7 Administrative Procedure Act ("APA").  Gadi alleges that the Court has jurisdiction over this action

8 under the mandamus statute, 28 U.S.C. §1361, and the Administrative Procedure Act, 5 U.S.C. §706(1).

9 The APA provides that "[w]ith due regard for the convenience and necessity of the parties or their

10 representatives and within a reasonable time, each agency shall proceed to conclude a matter presented

11 to it.  5 U.S.C. §555.  5 U.S.C. §706(1) provides that a reviewing court "shall compel agency action

12 unlawfully withheld or unreasonably delayed."  Construing this statute, the Court held that "the only

13 agency action that can be compelled under the APA is action legally *required*.  This limitation appears

14 in 8 U.S.C. 706(1)'s authorization for courts to 'compel agency action *unlawfully* withheld." *Norton v.*

15 *Southern Utah Wilderness Alliance*, 524 U.S. 55, 63 (2004) (emphasis in original).  The essential

16 allegation, that the action is "unreasonably delayed" is also not a ground for jurisdiction.  As the

17 Supreme Court noted, "a delay cannot be unreasonable with respect to action that is not required."

18 *Norton*, 524 U.S. at 63, n.1.  A claim under [5 U.S.C.]§ 706(1) can go forward only "where a plaintiff

19 asserts than an agency failed to take a *discrete* agency action that it is *required to take*." *Id.* at 64

20 (emphasis in original).

21         USCIS is not legally required to administer the examination until the full background check is

22 complete.  As discussed above, pursuant to the applicable statutes, regulations, and procedures, USCIS

23 permissibly requires the completion of three different background checks before the examination is

24 administered to an applicant for naturalization.  At this time, Gadi does not assert that  all three checks

25 are complete.  While the fingerprint check has been complete for over a year, this is not enough.  Gadi

26 must wait until the name check and the intra-agency check is complete as well  before he can expect an

27 examination pursuant to 8 U.S.C. §1446(b).  Thus, assuming all facts asserted by Gadi are true, his

28 application is not yet ripe for examination.  Therefore, he may not rely upon the APA to seek a writ of

1   mandamus scheduling such an examination from this Court.[7]

2                                    **IV. CONCLUSION**

3          Gadi does not assert a legally cognizable theory, because he cites no authority which limits the

4   "full background check" to a fingerprint check by the Federal Bureau of Investigation. The name check

5   is a reasonable procedure adopted by the USCIS to investigate naturalization applicants.   Even if all

6   facts asserted by Gadi are true, indeed they are not contested, he fails to state a claim upon which he may

7   rely, because the full background check is not complete and he is not yet entitled to an examination.

8   Accordingly, Defendants' Motion to Dismiss is GRANTED.

9          The Clerk of Court is directed to VACATE the hearing currently set for April 19, 2007 and

10  CLOSE this action.

11

12  IT IS SO ORDERED.

13  **Dated:    April 17, 2007                          /s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

_____

26        [7]There is no difference for the purposes of this action between Gadi's Administrative Procedure Act ("APA") claim
    and his mandamus claim, because under both, Gadi is requesting that this Court order USCIS to take an action it is not yet
27  required by statute to take.  Gadi's application has not yet reached a point at which USCIS is legally required to act on it;
    therefore, Gadi cannot argue that any action has been improperly withheld by USCIS.  As a consequence, he cannot obtain
28  relief either under the APA or this Court's mandamus power.